UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON P. KHAOONE,<br>        Plaintiff,<br>    v.<br>SONOMA COUNTY MAIN ADULT DETENTION FACILITY,<br>        Defendant. | Case No. 22-cv-04065-JD<br><br>**ORDER RE DISMISSAL** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"

standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that in 2009 he was improperly moved to administrative segregation at the Sonoma County Main Jail for over six months. Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), superseded by statute on other grounds as stated in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377-78 (2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). In addition, California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id.* If the statute of limitations starts to run again because the prisoner is released, tolling will not be reinstated by subsequent incarceration. *See Boag v. Chief of Police*, 669 F.2d 587, 589 (9th Cir. 1982) (holding disability of imprisonment ceases upon release on parole and subsequent reincarceration does not reinstate prior disability of imprisonment for purposes of statutory tolling).

Interests protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner

implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id*. at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id*. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id*. at 487.

This incident occurred in 2009 and plaintiff filed this action in 2022. Plaintiff was informed that even assuming he was entitled to four years of tolling this action was untimely by many years. The complaint was dismissed with leave to amend to provide more information regarding the statute of limitations and to address the conditions in administrative segregation and if they constituted an atypical and significant hardship or extended his stay at the jail facility.

Plaintiff's amended complaint addresses these issues, but he still fails to state a claim for relief. Plaintiff argues that he did not know that he only had a limited time to file an action. However, this is insufficient to provide tolling under state law. Because no amount of amendment could cure the deficiencies in this action, the case is dismissed without leave to amend.

## CONCLUSION

1. This action is **DISMISSED** with prejudice.
2. The Clerk is requested to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 28, 2022

JAMES DONATO
United States District Judge

3